■ New York Property Holding Corp., Respondent, v Anna Rosa, Appellant, et al., Defendant. [809 NYS2d 34]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 7, 2004, which denied the motion of defendant Anna Rosa for renewal, adhering to the prior grant of summary judgment as to liability in plaintiff's favor, and directed the parties to complete the subject real estate sale transaction and defendant Rosa to defend and indemnify plaintiff with respect to any prospective tax claims of the United States government based upon the subject liens, unanimously affirmed, with costs.

Enforcing the parties' complete, clear and unambiguous written agreement according to the plain meaning of its terms (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]), the court properly determined that defendant contract vendor Rosa was bound to complete the subject real estate transaction. Contrary to Rosa's contention, the federal tax liens against defendant administrator's decedent Miguel Rosa, even if they had been filed against the property, which they were not, did not pursuant to the contract render title to the property unmarketable. Paragraph 3 of the contract rider explicitly states that "[a]ny lien or apparent lien of record against the premises which can be discharged by the payment of money, shall not be an objection to title" (*cf. Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564 [1993]). The liens at issue are dischargeable by the payment of money.

Rosa's claim that the parties manifested no intent to have the seller's obligations regarding the tax liens survive the delivery of the deed is improperly raised for the first time on appeal (*see First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447

[1983]), and we decline to review it. The claim is, in any event, unpersuasive. Inasmuch as defendant Rosa has evidently elected not to satisfy or otherwise obtain the removal of the outstanding liens prior to closing, and has attempted to utilize them instead as a means to avoid her obligations under the contract, the court's provision requiring Rosa to indemnify plaintiff against liability potentially arising from the liens was proper. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.